**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Paul Lapchak, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Teachers Insurance and Annuity Association of America d/b/a TIAA,<br><br>Defendant. | **Case No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Paul Lapchak ("Plaintiff"), individually and on behalf of all others similarly situated, asserts the following against Defendant TIAA based on personal knowledge, where applicable, information and belief, and the investigation of counsel.

## INTRODUCTION

1. Plaintiffs bring this class action against Defendant Teachers Insurance and Annuity Association of America ("TIAA" or "Defendant") for its failure to properly secure and safeguard personally identifiable information that Plaintiffs and Class Members entrusted to Defendant, including full names, contact information, and Social Security numbers (collectively, "PII"). Plaintiffs also allege Defendant failed to provide timely, accurate, and adequate notice to Plaintiffs and Class Members that their PII had been lost and precisely what types of information were unencrypted and in the possession of unknown and unauthorized third parties.

2. Defendant is a leading financial services organization that collects, maintains, and processes sensitive PII from its customers and clients as a condition of doing business. Defendant retains this information on its computer networks and systems, even after the business relationship ends. Defendant asserts that it understands the importance of protecting such information and has represented to Plaintiffs and Class Members that it would keep their PII confidential, safe, secure, and protected from unauthorized disclosure or access.

3. In or about September 2026, Defendant learned that a breach of its computer network had occurred and that it involved the unauthorized acquisition of personal information (the "Data Breach"). Defendant determined that the Data Breach involved unauthorized access to files on Defendant's servers. These servers contained files that in turn contained the PII of Plaintiffs and Class Members.

4. On or around September 8, 2026, Defendant discovered that Plaintiffs' and Class Members' personal information had been impacted by the Data Breach. Seventeen days later, on or around September 25, 2026, Defendant began notifying affected individuals of the Data Breach. Defendant's notice provided limited details regarding the circumstances and scope of the incident, including when the unauthorized acquisition occurred and the full extent of the information and individuals affected.

5. By obtaining, collecting, using, and deriving a benefit from the PII of Plaintiffs and Class Members, Defendant assumed legal and equitable duties to those individuals to protect and safeguard that information from unauthorized access and intrusion. Defendant's conduct amounts to negligence and violates federal and state statutes.

6. Plaintiffs and Class Members have suffered injury as a result of Defendant's conduct. These injuries include: (i) the theft of their personal data; (ii) the lost or diminished value

of their PII; (iii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII; (iv) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach, including but not limited to lost time; and (v) the continued and certainly increased risk to their PII, which remains unencrypted and available for unauthorized third parties to access and abuse.

7. Defendant disregarded the rights of Plaintiffs and Class Members by intentionally, willfully, recklessly, or negligently failing to implement and maintain adequate and reasonable measures to ensure that the PII of Plaintiffs and Class Members was safeguarded, failing to take available steps to prevent an unauthorized disclosure of data, and failing to follow applicable, required, and appropriate protocols, policies, and procedures regarding the encryption of data. As a result, the PII of Plaintiffs and Class Members was compromised through disclosure to an unknown and unauthorized third party.

8. Plaintiffs and Class Members have a continuing interest in ensuring that their information is and remains safe, and they should be entitled to injunctive and other equitable relief. Plaintiffs seek to remedy these harms on behalf of themselves and all similarly situated individuals whose Private Information was accessed and/or compromised during the Data Breach.

9. Plaintiff asserts claims for negligence, negligence per se, breach of implied contract, and unjust enrichment.

## PARTIES

10. Plaintiff Paul Lapchak is a resident and citizen of California. Plaintiff maintains a retirement account with Defendant TIAA and, in connection with that relationship, entrusted TIAA with his sensitive personal information, including his Private Information.

11. Defendant TIAA is a New York insurance company with its principal place of business located at 730 Third Avenue, New York, NY 10017. Defendant conducts business in the State of New York and elsewhere through its website and financial services platforms.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) under the Class Action Fairness Act of 2005 ("CAFA"). This is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from the Defendant.

13. This Court has personal jurisdiction over Defendant because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District, and Defendant conducts business in this District.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Specifically, the unauthorized acquisition of Plaintiffs' and Class Members' private information, including contact information and Social Security numbers, occurred while such data was maintained by Defendant.

## FACTUAL BACKGROUND

15. Defendant TIAA ("Defendant") is a financial services organization that provides retirement, investment, and insurance products and services to individuals and institutions. As a condition of obtaining and maintaining these services, Plaintiffs and the Class Members were required to provide Defendant with sensitive and confidential personal information.

16. Defendant collects, retains, and stores this Private Information in its computer systems and networks. Defendant derives substantial economic benefit from the Private Information it collects, as such information is necessary for Defendant to provide its services and manage its business operations.

17. The Private Information entrusted to Defendant included, but was not limited to, Plaintiffs' and Class Members' contact information and social security numbers. This information is highly sensitive and, if compromised, creates a substantial risk of identity theft, financial fraud, and other harms.

18. On or about September 2026, Defendant discovered that it had experienced a data breach involving the unauthorized acquisition of personal information. The breach involved an unauthorized acquisition of the Private Information described above.

19. Upon information and belief, the breach occurred during a specific window of time prior to its discovery. The exact dates of the intrusion or the duration of the unauthorized access are unknown at this time.

20. The specific number of individuals affected by the breach is currently unknown. Upon information and belief, the breach potentially affected individuals in multiple states, including Plaintiffs and the Class Members.

21. Defendant failed to implement reasonable and appropriate security measures to protect the Private Information it collected and stored. Defendant failed to adequately safeguard the systems containing this sensitive data, thereby allowing the unauthorized acquisition to occur.

22. The specific security controls that Defendant failed to implement, such as encryption, multi-factor authentication, intrusion detection systems, or access controls, are

unknown at this time. However, the occurrence of the breach indicates that Defendant's security measures were insufficient to prevent the unauthorized acquisition.

23. As a direct and proximate result of the breach, Plaintiffs and Class Members face a substantial risk of identity theft and financial fraud. The exposure of social security numbers and contact information creates a permanent risk of misuse, as stolen data can be sold on the dark web and used for years to commit fraud.

24. Plaintiffs and Class Members have been and will continue to be subjected to constant surveillance of their financial and personal records, and have incurred and will continue to incur costs for monitoring and mitigation of the risk of identity theft.

25. The specific out-of-pocket costs, actual fraudulent charges, or emotional distress suffered by Plaintiffs and Class Members as a result of the breach are unknown at this time. However, the exposure of sensitive data inherently creates a substantial risk of such harms.

26. Defendant knew or should have known of the risks associated with storing sensitive personal information, including the increasing prevalence of cyberattacks and data breaches. Despite this knowledge, Defendant failed to take commercially reasonable steps to protect the Private Information of Plaintiffs and Class Members.

27. The breach of Defendant's duty to protect the Private Information of Plaintiffs and Class Members has caused actual harm and a substantial risk of future harm, including the potential for identity theft, financial fraud, and the loss of rights.

**A. Criminal-Market Value of Compromised Data**

28. The Personal Identifiable Information compromised in the Data Breach, specifically Social Security numbers and contact information, is a commodity of significant value

on the criminal information black market, where such identity credentials are actively listed, sold, and demanded by malicious actors for profit.

29. While the specific transaction prices and listing volumes for the TIAA data are not currently available in the record, the high market value of stolen Social Security numbers and full identity profiles is well-established, as these immutable identifiers are frequently traded on the dark web and command premium prices compared to other data types that can be easily cancelled or replaced.

**B. Continuing Exposure and Misuse Risks**

30. As a result of the Defendant's failure to prevent the unauthorized acquisition of Plaintiffs' contact information and Social Security numbers, Plaintiffs and Class members face a continuing and immediate risk of identity theft and fraud. Because the compromised data remains in the Defendant's possession and has been exfiltrated to unauthorized actors, the information is subject to further misuse, replication, and distribution for an indefinite period.

31. The nature of the exposed data, specifically Social Security numbers, creates a permanent risk that cannot be fully mitigated by short-term monitoring. Unlike credit card numbers which can be reissued, Social Security numbers are unique, permanent identifiers that, once compromised, allow criminals to open new accounts, file fraudulent tax returns, and obtain medical services in Plaintiffs' names for years to come.

32. Plaintiffs and Class members have been forced to incur out-of-pocket costs and expend significant time to monitor their financial accounts, credit reports, and tax filings to detect and prevent potential fraud. This burden includes the cost of placing fraud alerts, freezing credit, and the lost opportunity costs associated with resolving false claims of identity theft, all of which are foreseeable consequences of the Defendant's security failures.

33. To date, the Defendant has not provided sufficient measures to address the long-term risks posed by the exposure of these sensitive identifiers. The continued presence of this data in the hands of cyber-criminals, combined with the Defendant's failure to implement adequate safeguards to prevent further unauthorized access, leaves Plaintiffs and Class members at an increased risk of harm for the remainder of their lives.

**C. Breach Notification, Timing, and Adequacy**

34. Upon information and belief, Defendant TIAA discovered the unauthorized acquisition of Plaintiffs' and Class Members' personal information, including Social Security numbers, in or about September 2026.

35. The notice provided to Plaintiffs and Class Members identified the types of information compromised but omitted specific details regarding the identity of the cybercriminals, the root cause of the intrusion, the specific vulnerabilities exploited, and the remedial measures undertaken to prevent future breaches.

**D. Data-Security Safeguards and Regulatory Expectations**

36. At all relevant times, Defendant TIAA was expected to employ reasonable administrative, technical, and physical safeguards appropriate to the nature and sensitivity of the personal information it collected, maintained, and processed, including contact information and Social Security numbers. This baseline expectation requires that an entity handling such sensitive data implement security measures commensurate with the foreseeable risks of unauthorized acquisition and the potential harm to affected individuals.

37. Upon information and belief, Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information

compromised in the Data Breach, resulting in the unauthorized acquisition of Plaintiffs' and Class Members' private information.

## CLASS ALLEGATIONS

38. Plaintiffs bring this lawsuit under Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3), and/or (c)(4) as representatives of the following class:

> Nationwide Class: All individuals in the United States whose information was acquired without authorization by a third party from Defendant TIAA's systems in or around September 2026.

39. Numerosity. The Class is so numerous that joinder of all members is impracticable. Defendant TIAA's records indicate that the breach affected a large number of individuals across multiple states, including the Plaintiff. The exact number of Class members is unknown but is estimated to be in the thousands, making individual litigation unfeasible.

40. Ascertainability. Members of the Class are readily ascertainable from Defendant TIAA's records. Defendant TIAA has already identified affected individuals and sent breach notification letters, confirming that Class members can be identified through Defendant's custody and control.

41. Typicality. Plaintiff's claims are typical of the Class members' claims. Plaintiff's private information, like that of every other Class member, was compromised in the same Data Breach. The claims arise from the same alleged violations by Defendant TIAA, specifically the failure to safeguard private information and the failure to provide timely and accurate notice of the breach.

42. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class members. Plaintiff has retained

counsel experienced in complex class action litigation and data privacy to prosecute this action on behalf of the Class.

43. Commonality. Plaintiff's and the Class's claims raise predominantly common questions of law and fact that a class-wide proceeding can answer for all Class members. These common questions include, without limitation: whether Defendant TIAA had a duty to use reasonable care in safeguarding Plaintiff's and the Class's private information; whether Defendant TIAA failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised; whether Defendant TIAA was negligent in maintaining, protecting, and securing the private information; whether Defendant TIAA breached contract promises to safeguard Plaintiff's and the Class's private information; whether Defendant TIAA took reasonable measures to determine the extent of the Data Breach after discovering it; whether Defendant TIAA's breach notice was reasonable; whether the Data Breach caused Plaintiff's and the Class's injuries; and what the proper damages measure is.

44. Predominance. Common questions of law and fact predominate over any questions affecting only individual Class members. The resolution of these common questions will advance the disposition of this matter and the parties' interests therein. The common issues arising from Defendant TIAA's conduct affecting Class members set out above predominate over any individualized issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

45. Superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense that individual litigation against Defendant TIAA would require. Thus, it would be practically impossible for

Class members, on an individual basis, to obtain effective redress for their injuries. Individualized litigation would increase the delay and expense to all parties and the courts, and would create the danger of inconsistent or contradictory judgments arising from the same set of facts. In contrast, conducting this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member.

## TOLLING OF THE STATUTES OF LIMITATIONS

46. Any applicable statute of limitations has been tolled by the "delayed discovery" rule. Plaintiffs did not know, and had no reasonable way of knowing, that their Private Information, including contact information and Social Security numbers, was intercepted and unlawfully acquired by third parties because Defendant kept this information secret.

47. Defendant's unauthorized acquisition of personal information was not discoverable by Plaintiffs through the exercise of reasonable diligence prior to the date of notice. The technical nature of the intrusion and the absence of any public disclosure or visible indicators prevented Plaintiffs from learning of the breach.

48. Until the disclosure, Defendant possessed exclusive knowledge of the breach and failed to disclose that its systems had been compromised or that Plaintiffs' data had been exposed.

49. For these reasons, all applicable statutes of limitation have been tolled based on the delayed discovery rule, and Defendant is estopped from relying on any statutes of limitations in defense of this action.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Negligence
### (On Behalf of Plaintiffs and Class)

50. Plaintiff and the Class had no ability to protect their Private Information that was in, and possibly remains in, Defendant's possession.

51. Defendant was in a position to protect against the harm suffered by Plaintiff and the Class as a result of the Data Breach.

52. Defendant's duty extended to protecting Plaintiff and the Class from the risk of foreseeable criminal conduct of third parties, which has been recognized in situations where the actor's own conduct or misconduct exposes another to the risk or defeats protections put in place to guard against the risk, or where the parties are in a special relationship. Numerous courts and legislatures have also recognized the existence of a specific duty to reasonably safeguard personal information.

53. Defendant has admitted that the Private Information of Plaintiff and the Class was wrongfully lost and disclosed to unauthorized third persons as a result of the Data Breach.

54. But for Defendant's wrongful and negligent breach of duties owed to Plaintiff and the Class, the Private Information of Plaintiff and the Class would not have been compromised.

55. There is a close causal connection between Defendant's failure to implement security measures to protect the Private Information of Plaintiff and the Class and the harm, or risk of imminent harm, suffered by Plaintiff and the Class. The Private Information of Plaintiff and the Class was lost and accessed as the proximate result of Defendant's failure to exercise reasonable care in safeguarding such Private Information by adopting, implementing, and maintaining appropriate security measures.

56. As a direct and proximate result of Defendant's negligence, Plaintiff and the Class have suffered and will suffer injury, including but not limited to: (i) invasion of privacy; (ii) theft of their Private Information; (iii) lost or diminished value of Private Information; (iv) lost time associated with attempting to mitigate the actual consequences of the Data Breach; (v) loss of benefit of the bargain; (vi) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (vii) nominal damages; and (viii) the continued and certainly increased risk to their Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the Private Information.

57. As a direct and proximate result of Defendant's negligence, Plaintiff and the Class have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

58. Additionally, as a direct and proximate result of Defendant's negligence, Plaintiff and the Class have suffered and will suffer the continued risks of exposure of their Private Information, which remain in Defendant's possession and are subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the Private Information in their continued possession.

59. Plaintiff and Class Members are entitled to compensatory and consequential damages suffered as a result of the Data Breach.

60. Defendant's negligent conduct is ongoing, in that it still holds the Private Information of Plaintiff and Class Members in an unsafe and insecure manner.

61. If Plaintiff and Class Members had known that Defendant had not adequately secured their Private Information, they would not have agreed to provide such Private Information to Defendant.

62. As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members have suffered and will suffer injury, including but not limited to: (i) the loss of the opportunity to control how their Private Information is used; (ii) the compromise, publication, and/or theft of their Private Information; (iii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, and/or unauthorized use of their Private Information; (iv) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from identity theft; (v) the continued risk to their Private Information, which remains in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect Private Information in its continued possession; and (vi) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the Private Information compromised as a result of the Data Breach for the remainder of the lives of Plaintiff and Class Members.

63. But for Defendant's wrongful and negligent breaches of duties owed to Plaintiff and Class Members, the Data Breach would not have occurred or at least would have been mitigated, Plaintiff's and Class Members' Private Information would not have been compromised, and Plaintiff's and Class Members' injuries would have been avoided.

64. It was foreseeable that Defendant's failures to use reasonable measures to protect Plaintiff's and Class Members' Private Information would injure Plaintiff and Class Members.

Further, the breach of security was reasonably foreseeable to Defendant given the known high frequency of cyber-attacks and data breaches in Defendant's industry.

65. It was therefore foreseeable that the failure to adequately safeguard Plaintiff's and Class Members' Private Information would cause them one or more types of injuries.

66. As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members have suffered and will suffer injuries and damages, including but not limited to (a) invasion of privacy; (b) lost or diminished value of their Private Information; (c) increased risk of identity theft and fraud; (d) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach, including but not limited to lost time; (e) loss of benefit of their bargain; and (f) the continued and certainly increased risk to their Private Information, which remains in Defendant's possession and subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect it.

67. As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members have suffered and will continue to suffer other forms of injuries and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

68. Plaintiff and Class Members are entitled to damages, including compensatory, punitive, and nominal damages, in an amount to be proven at trial.

69. But for Defendant's negligent conduct and breach of the above-described duties owed to Plaintiff and Class Members, their Private Information would not have been compromised.

70. As a result of Defendant's failure to timely notify Plaintiff and Class Members that their Private Information had been compromised, Plaintiff and Class Members are unable to take

the necessary precautions to mitigate damages by preventing future fraud. As a result of Defendant's negligence and breach of duties, Plaintiff and Class Members are in danger of imminent harm in that their Private Information, which is still in the possession of third parties, will be used for fraudulent purposes, and Plaintiff and Class Members have and will suffer damages including: a substantial increase in the likelihood of identity theft; the compromise, publication, and theft of their personal information; loss of time and costs associated with the prevention, detection, and recovery from unauthorized use of their personal information; the continued risk to their personal information; future costs in terms of time, effort, and money that will be required to prevent, detect, and repair the impact of the personal information compromised as a result of the Data Breach; and overpayment for the services or products that were received without adequate data security.

## SECOND CLAIM FOR RELIEF
**Negligence Per Se**
**(On Behalf of Plaintiffs and the Class)**

71. Plaintiff and the Class are entitled to the protection of the laws of the State of New York and applicable federal statutes governing the security of personal information, specifically New York General Business Law § 899-aa, which impose a specific duty on entities holding personal information to implement and maintain reasonable security measures to protect such information from unauthorized access and disclosure.

72. Defendant, TIAA, owed a specific duty to Plaintiff and the Class to exercise reasonable care in safeguarding the Private Information entrusted to it, including contact information and social security numbers, as required by the aforementioned statutory and regulatory framework.

73. Defendant breached this duty by failing to implement and maintain reasonable security measures to protect the Private Information of Plaintiff and the Class, resulting in the unauthorized acquisition of such information.

74. The breach of this statutory duty was the direct and proximate cause of the harm suffered by Plaintiff and the Class, as the unauthorized acquisition of their contact information and social security numbers would not have occurred but for Defendant's failure to adhere to the required security standards.

75. Plaintiff and the Class have suffered and will continue to suffer actual injury as a direct and proximate result of Defendant's negligence per se, including the loss of the opportunity to control their Private Information, the increased risk of identity theft and fraud, the diminished value of their social security numbers, and the time and effort expended to mitigate the consequences of the breach.

76. Plaintiff and the Class are entitled to compensatory damages, including out-of-pocket expenses incurred to monitor and protect their identity, as well as damages for the increased risk of future harm and the loss of privacy, in an amount to be proven at trial.

77. Plaintiff and the Class have no adequate remedy at law for the ongoing risk of identity theft and the continued exposure of their Private Information, which remains in Defendant's possession and subject to further unauthorized disclosure.

## THIRD CLAIM FOR RELIEF
**Breach of Implied Contract**
**(On Behalf of Plaintiffs and the Class)**

78. Plaintiffs and the Class entered into an implied contract with Defendant whereby Defendant agreed to safeguard and protect the Plaintiffs' Private Information in exchange for the Plaintiffs' provision of such information and, in many cases, payment for services.

79. As a direct and implied term of this relationship, Defendant owed a duty to Plaintiffs and the Class to employ reasonable security measures to protect the Private Information entrusted to it, including contact information and social security numbers.

80. Defendant breached this implied contract by failing to implement and maintain adequate computer systems and data security practices to safeguard the Private Information of Plaintiffs and the Class.

81. Defendant breached this implied contract by failing to prevent the unauthorized acquisition of the Private Information of Plaintiffs and the Class.

82. Defendant breached this implied contract by failing to provide accurate and timely notice to Plaintiffs and the Class that their Private Information was compromised as a result of the Data Breach.

83. Defendant breached this implied contract by continuing to accept and store Private Information after Defendant knew, or should have known, of the security vulnerabilities in its systems that were exploited in the Data Breach.

84. As a direct and proximate result of Defendant's breach of its implied contractual obligations, Plaintiffs and the Class have suffered and will suffer injury, including but not limited to: (i) the loss of the opportunity to control how their Private Information is used; (ii) the

compromise, publication, and/or theft of their Private Information; (iii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, and/or unauthorized use of their Private Information; (iv) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach; (v) the continued risk to their Private Information, which remains in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect Private Information in its continued possession; and (vi) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the Private Information compromised as a result of the Data Breach for the remainder of the lives of Plaintiffs and the Class.

85. Had Plaintiffs and the Class known that Defendant had not adequately secured their Private Information, they would not have agreed to provide such Private Information to Defendant.

86. Plaintiffs and the Class are entitled to compensatory, consequential, and nominal damages from Defendant as a result of the Data Breach.

87. Plaintiffs and the Class are also entitled to injunctive relief requiring Defendant to strengthen its data security systems and monitoring procedures, submit to future annual audits of those systems, and immediately provide adequate credit monitoring to all Class Members.

## FOURTH CLAIM FOR RELIEF
**Unjust Enrichment**
**(On Behalf of Plaintiffs and the Class)**

88. Plaintiff and Class Members conferred a benefit upon Defendant by providing Defendant with their Private Information, including contact information and social security numbers, in the course of their business and financial relationships with Defendant.

89. Defendant appreciated and had knowledge of the benefits conferred upon itself by Plaintiff and Class Members, as Defendant retained and utilized this Private Information to conduct its business operations and provide services.

90. Under principles of equity and good conscience, Defendant should not be permitted to retain the full value of Plaintiff's and Class Members' Private Information because Defendant failed to adequately protect such information from unauthorized acquisition.

91. Plaintiff and Class Members would not have provided their Private Information to Defendant had they known that Defendant had not implemented reasonable security measures to safeguard their contact information and social security numbers.

92. As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members have suffered and will suffer injury, including but not limited to: (i) the loss of the opportunity to control how their Private Information is used; (ii) the compromise, publication, and/or theft of their Private Information; (iii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, and/or unauthorized use of their Private Information; (iv) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach; (v) the continued risk to their Private Information, which remains in Defendant's possession and is subject to further unauthorized disclosures; and (vi) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the Private Information compromised as a result of the Data Breach.

93. Defendant should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiff and Class Members, all proceeds, profits, benefits, and other

compensation obtained by Defendant from its wrongful conduct and the retention of the compromised Private Information.

94. Plaintiff and Class Members have no adequate remedy at law against Defendant, and accordingly, they plead this claim for unjust enrichment in addition to, or in the alternative to, other claims pleaded herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that the Court:

A. Certify this case as a class action, and appoint Plaintiff as Class Representatives and the undersigned attorneys as Class Counsel;

B. Enter judgment in favor of Plaintiffs and the Class;

C. Enter injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiffs and Class members, including reformation of practices and an accounting and purging of wrongfully obtained personal information;

D. Award all actual, general, special, incidental, statutory, treble, punitive, liquidated, and consequential damages and/or restitution to which Plaintiffs and Class members are entitled;

E. Award disgorgement of monies obtained through and as a result of the wrongful conduct alleged herein;

F. Award Plaintiffs and Class members pre- and post-judgment interest as provided by law;

G. Enter such other orders as may be necessary to restore to Plaintiffs and Class members any money and property acquired by Defendant through its wrongful conduct;

H. Award Plaintiffs and Class members reasonable litigation expenses and attorneys' fees as permitted by law; and

I. Award such other and further relief as the Court deems necessary and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of all issues triable as of right.

Dated: October 05, 2026

Respectfully submitted,

*/s/ Christian Levis*

Christian Levis
Amanda Fiorilla
Michi Rodriguez
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tele: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
mrodriguez@lowey.com

Anthony Christina (*pro hac vice forthcoming*)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
achristina@lowey.com